IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FILED
MAR 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NATASHA STARK
2820 Sapphire Street
College Park, Georgia 30349

    Plaintiff,

v.

ZETA PHI BETA SORORITY, INC.
1734 New Hampshire Avenue, N.W.
Washington, DC 20009

    Defendant

Case: 1:07-cv-00553
Assigned To : Robertson, James
Assign. Date : 3/20/2007
Description: STARK v. ZETA PHI BETA

## COMPLAINT

COME NOW the Plaintiff, Natasha Stark, by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and respectfully present this Complaint against the Defendant, Zeta Phi Beta Sorority, Inc. ("ZPB"), to enforce their rights for acts of negligence, defamation, and breach of contract.

### JURISDICTION

1. This action is invoked pursuant to 28 U.S.C. § 1332. Jurisdiction is proper as Plaintiff is a resident of the State of Georgia and Defendant, Zeta Phi Beta Sorority, Inc. ("ZPB"), is a District of Columbia corporation whose principal place of business (i.e., international headquarters) is in the District of Columbia; and the matter in controversy exceeds the sum or value of $75,000.00.

## VENUE

2. Venue is properly laid in the District of Columbia pursuant to 28 U.S.C. § 1391, as the Defendant operates a licensed business in the District of Columbia and the acts herein complained of occurred within the said jurisdiction.

## STATEMENT OF FACTS

3. Plaintiff is an African American woman who has a Master degree in Public Administration and Bachelors in Journalism from Georgia State University. She was a member of ZPB. She held the following leadership positions in the sorority: Basileus, Lambda Nu Chapter, Georgia State University 1988 – 1992; Asst. Grammateus, State of Georgia, 1993 – 1999; Regional Representative to the National Nominating Committee, Southeastern Region, 1996 – 2000; Phylacter, State of Georgia, 1999 – 2001; National Grammateus, Zeta Phi Beta Sorority, Incorporated, 2000 – 2004 and she was inducted into the Epsilon Zeta Chapter Hall of Fame in 2005.

4. ZPB is a tax-exempt organization and the U.S. Internal Revenue Service makes it clear that no individual may benefit unduly from their connection to the tax-exempt organization. Plaintiff learned that ZPB International President Barbara Moore had used the sorority's corporate credit card for personal use to purchase over $300,000 in credit card charges billed to the sorority. The charges included $129 worth of pantyhose, wigs, Wilsons leather, designer clothing, fine jewelry, sportswear, ladies shoes, daywear, St. John St. John, lingerie and men's' and boys clothing even though ZPB is a woman's organization. ZPB's own procedures

2

make it clear that the sorority credit cards are not for personal use. Under the ZPB bylaw, ZPB National Executive Board has the power to remove any officer, for misfeasance, malfeasance or non-feasance in office. Plaintiff learned that the ZPB Board of Directors knew of Barbara Moore's extravagant spending habits and allowed her to keep her position and make a promissory note to make monthly payment to pay the money back over a five year period.

5. Plaintiff informed the media and the United States Attorney for the District of Columbia of Barbara Moore's actions. On or about February 13, 2006 Assistant United States Attorney Thomas Zeno sent ZPB a letter regarding a Federal Grad Jury Investigation involving ZPB. Mr. Zeno requested records from the organization. On February 14, 2006 Alma Washington, ZPB National Parliamentarian emailed Plaintiff information of the Federal Grand Jury Investigation. Ms. Washington asked plaintiff to start gathering and saving the information that the Grand jury will want to review because the Grand Jury investigation covered the period of 2002 when plaintiff was a National Board member. On February 16, 2006, plaintiff was subpoenaed to testify before the Federal Grand Jury and provide documents and tape recordings which related to ZPB and a possible violation of 18 USC section 1341, a federal criminal statute. Plaintiff complied with the Federal Grand jury Subpoena.

6. On August 11, 2006, Assistant United States Attorney Thomas Zeno sent ZPB a letter requesting that the National Executive Board of ZPB waived certain privileges in order to allow the U.S. Attorneys Office and the F.B.I. to investigate whether the sorority had been the victim of a crime through the use of the

3

sorority's credit card for the years 2002 through 2005 by Barbara Moore. The letter went on to state that rarely had his office encountered the kind of resistance shown by ZPB to disclosing what has occurred and that usually the victim organizations make their files and employees without reservation. The letter went on that state that if the national Executive Board did not provide the waver by September 22, 2006 his office would close the investigation because of failure to provide the requested waiver.

7. On September 8, 2006 ZPB wrote Plaintiff a letter informing her that she was suspended from ZPB for "what was perceived to be airing Zeta's 'financial dirty laundry'." The letter stated that, ' I am hereby suspending all of your Zeta activities effective immediately and indefinitely."

8. On November 28, 2006 Plaintiff through legal counsel put the sorority on notice that ZPB's suspension of Plaintiff violated ZPB's own policies and procedures and that plaintiff was never given the opportunity to here the charges and rebut the charges with her testimony, witness testimony, and documentation. In short the letter advised ZPB that Plaintiff had not been afforded due process under ZPB's on polices and procedures.

9. On February 8, 2007, ZPB National Executive Board Chair, Sheryl Underwood, sent plaintiff letter via federal express which stated that ZPB was expelling her form the sorority "effective <u>immediately</u>."

10. Prior to her suspension and prior to her expulsion plaintiff was not made aware of the charges against her nor did a formal hearing take place as required by ZPB's own policies and procedures.

4

11. On March 17, 2007, ZPB National Executive Board Chair, Sheryl Underwood, published a letter four page letter that contained untrue defamatory statements about plaintiff. The untrue statements injured Plaintiff in the community and lowered her in the estimation of the community. The letter stated that "the recommendation to expel Mrs. Stark was 'properly' made by members of Epsilon Zeta Chapter (Atlanta, Georgia)." ZPB knew this was false because on November 10, 2006 ZPB was sent a letter from Epsilon Zeta Chapter which stated that "those members of Epsilon Zeta Chapter" that formed that basis of your actions against Ms. Stark "did so without the knowledge, authorization, approval or vote of Epsilon Zeta Chapter." The letter went on to state that "Epsilon Zeta Chapter has NOT requested the suspension of Soror Stark"…and any attempt to suspend or expel Plaintiff though the use of the chapter's name does not have the approval or sanction of the chapter. " Furthermore, ZPB  Bylaws state in  Article XIV, Section 2, Clause a: *"A chapter through its Regional and State Directors my request suspension of members for non-payment of the approved Local, State (where applicable), Regional and National taxation, and for actions of misconduct and rule violations."* ZPB had knowledge that recommendation to expel Mrs. Stark was NOT 'properly' made by members of Epsilon Zeta Chapter (Atlanta, Georgia)."

12. In that same March 17, 2007 letter, ZPB National Executive Board Chair, Sheryl Underwood, stated that Plaintiff made statement statements with "disregard for the truth" and Plaintiff "was not a whistle-blower" because "a whistle blower is a person who provides truthful information to a law enforcement officer relation to

5

the commission or possible commission of a federal offense." ZPB knew this statement was false because on February 14, 2006, Alma Washington, ZPB National Parliamentarian emailed Plaintiff information to inform her of the Federal Grand Jury Investigation. Ms. Washington asked plaintiff to start gathering and saving the information that the Grand jury will want to review because the Grand Jury investigation covered the period of 2002 when plaintiff was a National Board member. On February 16, 2006, plaintiff was subpoenaed to testify before the Federal Grand Jury and provide documents and tape recordings which related to ZPB and a possible violation of 18 USC section 1341, a federal criminal statute. Plaintiff complied with the Federal Grand jury Subpoena.

13. ZPB suspended Plaintiff without regard for its own policies, procedures, rules, regulations, and/or guidelines and in violation of Plaintiffs' rights afforded to her by the ZPB and there is no written or published rule of Zeta that has been violated by my disclosing the actions of Barbara Moore.

## Count I: Breach of Contract

14. Plaintiff re-pleads and re-alleges paragraphs 1 through 33 as if set forth separately and at length herein.
15. ZPB suspended and expelled Plaintiff without due process of the policies and procedures outlined in the ZPB Constitution.

16. The ZPB Constitution and polices and procedures are contracts between ZPB and Plaintiff..

17. As such, ZPB breached its contract or contracts with Plaintiffs by its failures to abide by the terms of such contract or contracts.

18. Plaintiffs suffered the loss of enjoyment of ZPB's goods, services, facilities, privileges, advantages, and accommodations, as well as severe mental anguish as a result of ZPB's actions.

### Count II: Defamation

19. Plaintiffs re-pleads and re-alleges paragraphs 1 through 18 as if set forth separately and at length herein.

20. On March 17, 2007, ZPB National Executive Board Chair, Sheryl Underwood, published a letter four page letter that contained untrue defamatory statements about plaintiff. The untrue statements injured Plaintiff in the community and lowered her in the estimation of the community. The letter stated that "the recommendation to expel Mrs. Stark was 'properly' made by members of Epsilon Zeta Chapter (Atlanta, Georgia)." ZPB knew this was false because on November 10, 2006 ZPB was sent a letter from Epsilon Zeta Chapter which stated that "those members of Epsilon Zeta Chapter" that formed that basis of your actions against Ms. Stark "did so without the knowledge, authorization, approval or vote of Epsilon Zeta Chapter." The letter went on to state that "Epsilon Zeta Chapter has NOT requested the suspension of Soror Stark"…and any attempt to suspend or expel Plaintiff though the use of the chapter's name does not have the approval or sanction of the chapter. " Furthermore, ZPB Bylaws state in Article XIV,

Section 2, Clause a: *"A chapter through its Regional and State Directors my request suspension of members for non-payment of the approved Local, State (where applicable), Regional and National taxation, and for actions of misconduct and rule violations."* ZPB had knowledge that recommendation to expel Mrs. Stark was <u>NOT</u> 'properly' made by members of Epsilon Zeta Chapter (Atlanta, Georgia)."

21. In that same March 17, 2007 letter, ZPB National Executive Board Chair, Sheryl Underwood, stated that Plaintiff made statement statements with "disregard for the truth" and Plaintiff "was not a whistle-blower" because "a whistle blower is a person who provides truthful information to a law enforcement officer relation to the commission or possible commission of a federal offense." ZPB knew this statement was false because on February 14, 2006, Alma Washington, ZPB National Parliamentarian emailed Plaintiff information to inform her of the Federal Grand Jury Investigation. Ms. Washington asked plaintiff to start gathering and saving the information that the Grand jury will want to review because the Grand Jury investigation covered the period of 2002 when plaintiff was a National Board member. On February 16, 2006, plaintiff was subpoenaed to testify before the Federal Grand Jury and provide documents and tape recordings which related to ZPB and a possible violation of 18 USC section 1341, a federal criminal statute. Plaintiff complied with the Federal Grand jury Subpoena.

22. ZPB knowingly published false statements against Plaintiffs in writing to third parties.

8

23. As such, ZPB defamed Plaintiff by knowingly spreading false and defamatory statements about Plaintiffs.

24. Plaintiff suffered damage to her character, repute and standing in her community, the loss of enjoyment of ZPB's goods, services, facilities, privileges, advantages, and accommodations, as well as severe mental anguish as a result of ZPB's actions.

### Count III: Negligence

25. Plaintiff re-pleads and re-alleges paragraphs 1 through 24 as if set forth separately and at length herein.

26. ZPB suspended Plaintiff due process of the policies and procedures outlined in the ZPB Constitution.

27. ZPB had a duty to Plaintiff to abide by its Constitution and policies and procedures, which duty ZPB negligently breached, proximately causing Plaintiffs' injuries.

28. As such, ZPB was negligent with regard to Plaintiff.

29. Plaintiffs suffered damage to her repute and standing in her community, the loss of enjoyment of ZPBA's goods, services, facilities, privileges, advantages, and accommodations, as well as severe mental anguish as a result of ZPB's actions.

### RELIEF SOUGHT

30. Plaintiff re-pleads and re-alleges paragraphs 1 through 29 with the same force and effect as if set forth separately and at length herein.

31. Plaintiff seek compensatory and punitive damages for pain and suffering, humiliation and loss of standing in the community in the amount of $1,000,000.00.

32. Plaintiff seeks pre and post-judgment interest.

33. Plaintiff seeks the costs of litigation, including reasonable attorney's fees and expert witness fees.

34. Plaintiff seeks such other relief as may be just.

## JURY DEMAND

80. Plaintiff demands a trial by jury.

Respectfully submitted,

Jimmy A. Bell, Esquire
Bar #MD14639
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620 Office
(301) 599-7623 Fax
Counsel for Plaintiffs

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

NATASHA STARK
2820 Sapphire Street
College Park, Georgia 30349

## DEFENDANTS

ZETA PHI BETA SORORITY, INC.
1734 New Hampshire Avenue, N.W.
Washington, DC 20009

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jimmy A. Bell, Esquire
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620 Office

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00553
Assigned To : Robertson, James
Assign. Date : 3/20/2007
Description: STARK v. ZETA PHI BETA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | ● 4 |
| Citizen of Another State | ● 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### O A. Antitrust
- [ ] 410 Antitrust

### O B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### O C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### O D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### O E. General Civil (Other) OR O F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332 diverssity action breach of contract

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,000,000    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 3-15-07    SIGNATURE OF ATTORNEY OF RECORD

JT

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.