IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATASHA STARK,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No.: 07cv00553 |
| **ZETA PHI BETA SORORITY, INC.** | : | |
| **Defendants** | | |
| | : | |

### ANSWER OF DEFENDANT ZETA PHI BETA SORORITY, INC.

Defendant, Zeta Phi Beta Sorority, Inc., by and through undersigned counsel, as their Answer to Plaintiff's Complaint state as follows:

### First Defense

Plaintiff's Complaint fails to state a cause of action upon which relief may be based and, therefore, should be dismissed.

### Second Defense

Defendant reserves on the issue of jurisdiction pending the development of information through investigation, discovery or at trial.

### Third Defense

Claims against Defendant may be barred by the applicable statutes of limitations.

### Fourth Defense

As to the number paragraphs of Plaintiff's Complaint, Defendant states as follows:

1.  The allegations set forth in paragraph 1 of the Complaint are admitted to the extent that it is alleged that Defendant's principle office is located in the District of Columbia. Except as specifically admitted, Defendant is without sufficient information to either admit or deny the allegations set forth therein.

2. The allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3. The allegations set forth in paragraph 3 are admitted to the extent it is alleged that Plaintiff was, at one time, a member of Zeta Phi Beta Sorority, Inc. and was the National Grammateus for a period of time during which Plaintiff was a member of the same. Except as specifically admitted, Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 3 of the Complaint.

4. The allegations set forth in paragraph 4 of the Complaint are admitted to the extent that it is alleged Defendant is exempt under Internal Revenue Code section 501(c)(7) and that Defendant's bylaws speak for themselves and are the best evidence of their content. Except as specifically admitted, Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 4 of the Complaint.

5. The allegations set forth in paragraph 5 of the Complaint are admitted to the extent it is alleged that Plaintiff contacted certain media regarding matters pertaining to Defendant. Except as specifically admitted, Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 5 of the Complaint.

6. The allegations set forth in paragraph 6 of the Complaint are admitted to the extent it is alleged that the United States Attorney for the District of Columbia communicated with Defendant by letter dated August 11, 2006, which letter speaks for

itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 6 of the Complaint are denied.

7. The allegations set forth in paragraph 7 of the Complaint are admitted to the extent it is alleged that a letter dated September 8, 2006 was sent to Plaintiff, which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 6 of the Complaint are denied.

8. The allegations set forth in paragraph 8 of the Complaint are admitted to the extent it is alleged that a letter dated November 28, 2006 from Ryan Goldstein, Esq. was sent to Defendant on behalf of Plaintiff, which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 8 of the Complaint are denied.

9. The allegations set forth in paragraph 9 of the Complaint are admitted to the extent it is alleged that a letter dated February 8, 2007 from Defendant was sent to Plaintiff, which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 9 of the Complaint are denied.

10. The allegations set forth in paragraph 10 of the Complaint are denied.

11. The allegations set forth in paragraph 11 of the Complaint are admitted to the extent that a letter dated March 12, 2007 was sent by Defendant to members of Zeta Phi Beta Sorority, Inc., which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 11 of the Complaint are denied.

12. The allegations set forth in paragraph 12 of the Complaint are admitted to the extent that a letter dated March 12, 2007 was sent by Defendant to members of Zeta Phi Beta Sorority, Inc., which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 12 of the Complaint are denied, as phrased.

13. The allegations set forth in paragraph 13 of the Complaint are denied.

## Count I: Breach of Contract

14. Defendant hereby incorporates by reference all admissions, denials and responses heretofore set forth in response to paragraphs 1 through 13 above.

15. The allegations set forth in paragraph 15 of the Complaint are denied.

16. The allegations set forth in paragraph 16 of the Complaint are denied.

17. The allegations set forth in paragraph 17 of the Complaint are denied.

18. The allegations set forth in paragraph 18 of the Complaint are denied.

## Count II: Defamation

19. Defendant hereby incorporates by reference all admissions, denials and responses heretofore set forth in response to paragraphs 1 through 18 above.

20. The allegations set forth in paragraph 20 of the Complaint are admitted to the extent that a letter dated March 12, 2007 was sent by Defendant to members of Zeta Phi Beta Sorority, Inc., which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 20 of the Complaint are denied.

21. The allegations set forth in paragraph 21 of the Complaint are admitted to the extent that a letter dated March 12, 2007 was sent by Defendant to members of Zeta

Phi Beta Sorority, Inc., which letter speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations set forth in paragraph 21 of the Complaint are denied, as phrased.

22. The allegations set forth in paragraph 22 of the Complaint are denied.

23. The allegations set forth in paragraph 23 of the Complaint are denied.

24. The allegations set forth in paragraph 24 of the Complaint are denied.

### Count III: Negligence

25. Defendant hereby incorporates by reference all admissions, denials and responses heretofore set forth in response to paragraphs 1 through 24 above.

26. Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 26 of the Complaint because the allegations, as drafted, are ambiguous and not capable of reasonable determination. Accordingly, Defendant reserves its response to the allegations set forth in paragraph 26 pending further clarification.

27. The allegations set forth in paragraph 27 of the Complaint are denied.

28. The allegations set forth in paragraph 28 of the Complaint are denied.

29. The allegations set forth in paragraph 29 of the Complaint are denied.

### Relief Sought

30. Defendant hereby incorporates by reference all admissions, denials and responses heretofore set forth in response to paragraphs 1 through 29 above.

31. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 31 of the Complaint.

32. Defendant denies that Plaintiff is entitled to the relief requested in

paragraph 32 of the Complaint.

33. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 33 of the Complaint.

34. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 34 of the Complaint.

### Fifth Defense

Pleading hypothetically and pending the development of relevant facts throughout the course of discovery, investigation and/or at trial, Defendant avers that Plaintiff's injuries and/or damages, if any, were caused by her own sole or contributory negligence and/or he assumed the risk inherent to her behavior.

### Sixth Defense

Plaintiff's injuries and/or damages, if any, were caused by person, persons, or entities over whom Defendant had no control or right of control.

### Seventh Defense

Defendant reserves the right to rely upon any additional defense that may be applicable and appropriate as asserted herein or as supported throughout the course of these proceedings.

### Eighth Defense

Defendant relies on truth as a defense to the allegations of libel and slander made by Plaintiff herein.

### Ninth Defense

Plaintiff has failed to mitigate her damages.

### Tenth Defense

Defendant's avers that Defendant's allegedly defamatory statements are conditionally privileged.

WHEREFORE, Defendant, Zeta Phi Beta Sorority, Inc., prays that the Complaint filed against it by Plaintiff, Natasha Stark, be dismissed with prejudice and it be awarded costs and fees expended herein.

Respectfully submitted,

/s/ John Lynch
John C. Lynch, Esq.
MACLEAY LYNCH GREGG & LYNCH, PC
1629 K Street, NW
Suite 802
Washington, DC 20006
(202)785-0123 ext. 16
(202)393-3390 (fax)
Counsel for Defendant
Zeta Phi Beta Sorority, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was forwarded pursuant to the Rules of this Court on this, the 6th day of August, 2007, to:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Malboro, MD 20772
Counsel for Plaintiff

/s/ John Lynch