IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATASHA STARK,                               :

      Plaintiff,                          :

v.                                           :        Civil Action No.: 07cv00553
                                                      Judge James Robertson

ZETA PHI BETA SORORITY, INC.                 :

      Defendants

                                             :

MOTION TO ALLOW FOR LIMITED DISCOVERY, TO VACATE THE APRIL 30, 2008 ORDER REQUIRING THIS CASE TO BE SET FOR TRIAL TWO MONTHS PRIOR TO THE SCHEDULED TRIAL DATE AND/OR TO SET  A STATUS CONFERENCE

     Comes now Defendant, Zeta Phi Beta Sorority, Inc., by and through undersigned counsel, and respectfully move this Honorable Court to allow discovery to be re-opened for the limited purpose of taking the depositions of the Plaintiff and her husband, to vacate the portion of the April 30, 2008 Court Order which requires that the trial originally scheduled for September 23, 2008 be re-set between 6/19/2008 and 7/18/2008, to re-instate the  original trial date of September 23, 2008, and to set a status conference in this matter.  In further support hereof, Defendant respectfully refers the Court to the attached Statement of Points and Authorities and asks that it be read and incorporated as though fully set forth herein.

     WHEREFORE, Defendant, Zeta Phi Beta Sorority, Inc., prays that the Court grant the present Motion, re-open the discovery period to allow for the depositions of the Plaintiff and her husband, vacate the portion of the April 30, 2008 Order requiring a trial date to be scheduled between 6/19/2008 and 7/18/2008, and that a status conference be scheduled to allow the parties to discuss the issues set forth in this Motion with the Court in greater detail.

Respectfully submitted,


_____/s/ John Lynch_____
John C. Lynch, Esq.
MACLEAY LYNCH GREGG & LYNCH,PC
1629 K Street, NW
Suite 802
Washington, DC 20006
(202)785-0123 ext. 16
(202)393-3390 (fax)
Counsel for Defendant
Zeta Phi Beta Sorority, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATASHA STARK,                              :

      Plaintiff,                          :

v.                                         :        Civil Action No.: 07cv00553
                                                    Judge James Robertson

ZETA PHI BETA SORORITY, INC.               :

      Defendants
                                           :

STATEMENT OF POINTS AN DAUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO ALLOW FOR LIMITED DISCOVERY, TO VACATE THE APRIL 30, 2008
ORDER REQUIRING THIS CASE TO BE SET FOR TRIAL TWO MONTHS PRIOR TO
THE SCHEDULED TRIAL DATE AND/OR TO SET  A STATUS CONFERENCE

      COMES NOW the Defendant, Zeta Phi Beta Sorority, Inc., by and through

undersigned counsel, and hereby submits this Statement of Points and Authorities in support of its

Motion to Allow for Limited Discovery, to Vacate the April 30, 2008 Court Order Requiring

the Case to Be Set for Trial Two (2) Months prior to the Scheduled Trial Date and/or to Set a

Status Conference in the above-styled action, and in further support thereof, state as follows:

      1.      Pursuant the parties' Local Rule 16.3 Joint Report filed with the Court August

27, 2007, discovery in this matter closed on April 30, 2008.

      2.      On April 16, 2008, the parties filed a Joint Motion to Extend the

April 30, 2008 Discovery Deadline and to Continue the September 11, 2008 Pre-Trial

Conference and the September 23, 2008 Trial.  This was the first request for an extension of

discovery or to continue the trial in this matter by any party.

      3.      On April 30, 2008, the Court denied the parties' Motion.  In so ruling, the

Court found that the record consists of little except motions for extension of time, and that the

parties' recitation that they have worked diligently to comply with discovery deadline has a

"hollow ring." The Court also noted that the parties had yet to mediate the case. The Court then ordered that the pre-trial conference and the trial date be moved forward in time by over two (2) months.

5.    While Defendant respects the Court's ruling, Defendant states that in so holding the Court failed to consider the complicated nature of the issues involved in this matter, and the extensive document review and interviewing of witnesses required on the part of this Defendant to defend this claim.    The Defendant further asserts that the Court has misinterpreted the record in this matter.

6.    To begin, in its Order the Court noted that the record reflects little except motions for extensions of time. However, with the exception of April 16, 2008 Joint Motion to Extend Discovery and Continue the Pre-Trial Conference and Trial, the only requests for continuances made by any party were a December 12, 2007 Motion to Continue the Status Conference due to Plaintiff's counsel's unavailability, which was granted, and a December 17, 2007 Consent Motion to Continue the re-scheduled January 4, 2008 Status Conference due to a scheduling conflict on the part of defense counsel, which was denied. No further or other extensions of time or continuances have been requested by any party.

7.    In the Joint Report pursuant to Local Rule 16.3 filed on August 27, 2007, the parties selected to have the case referred to a Magistrate Judge for mediation. A settlement conference was originally scheduled for October 17, 2007. At that time, the parties were just beginning to investigate the case and to clarify the issues, and no discovery had been completed. The parties jointly agreed that the case was not ripe for mediation, and rather then waste the time and resources of counsel and the Court, agreed that mediation would be re-scheduled following further discovery.

8.      Pursuant to the Scheduling Order entered by the Court on August 29, 2007, the parties were not required to file a Motion requesting an extension of discovery.  Rather, the Scheduling Order prescribes that extensions of time to complete discovery will be granted as a matter of course if all parties consent and if the extensions will not require re-setting of any scheduled court appearance.  Under the Scheduling Order, such requests for extension are to be made informally, by letter or email.  No reasons for the request are to be recited.  <u>See</u> August 29, 2007 Referral to Magistrate Judge Kay and Scheduling Order (Exhibit1).

9.      The Defendant did not intend for an extension of the discovery deadline to require any re-setting of a scheduled Court date, including the trial of this matter.  Defendant remains ready and able to try this case, if necessary, on the original September 23, 2008 trial date. However, at the request of Plaintiff's counsel, and in deference to Plaintiff's physical condition, Defendant consented to request the Court for a continuance of the pre-trial conference and the trial date to a later date.  Because the request to move the pre-trial conference and the trial date involved the re-scheduling of previously set Court dates, a formal Motion was required and, although not required to do so, the parties included their request for an extension of the discovery deadline in the same Motion.

10.      This Defendant has worked diligently to comply with the discovery deadline. The instant matter involves complex claims of defamation, negligence, and breach of contract against this Defendant.  Plaintiff's breach of contract claim in particular involves complicated issues of fact and law.  From the Defendant's standpoint, the clarification and investigation of these issues has involved the extensive procuring and reviewing of documents, legal research, and interviewing of witnesses.

11.      Specifically, Plaintiff's breach of contract claim asserts that Defendant failed

to follow its own policies and procedures before expelling the Plaintiff from membership in the sorority, and that the Plaintiff has been denied her due process rights.  The Complaint alone refers to numerous documents and witnesses.  In order to defend against Plaintiff's claim, Defendant has been required to procure and review extensive correspondence, emails, internal memorandum and documentation, bylaws, constitution, policies and procedures, contracts and other materials, and to review the actions of numerous individuals and sorority members, in order to investigate the events leading to the expulsion of Plaintiff from the sorority.  Moreover, the Plaintiff's claims have required extensive legal research to determine the state of the law in the District of Columbia with respect to the issues of whether a binding contract exists between the parties, whether judicial intervention is appropriate in a dispute between a voluntary membership association and its members, what is required by the Defendant in terms of abiding by its internal policies and procedures, and whether the Defendant's expulsion procedures satisfy the requirements of substantial fairness[1].

     12.     A thorough understanding of the facts and the issues of law involved in this

---

[1] In general, courts do not interfere with the management and internal affairs of a voluntary association.  Levant v. Whitley, 755 A.2d 1036, 1043(D.C. 2000).  While the Defendant maintains that judicial intervention is inappropriate in this matter as there is no contract that exists between the parties and there has been no violation of any of the internal policies or procedures of the Defendant, counsel has a duty to his client to fully research, and be prepared to present and argue responses to all available claims and defenses of the Plaintiff.  In that vein, the Defendant must be ready to prove, if necessary, that it followed all the appropriate steps and procedures in its expulsion of Plaintiff from membership. This involves an extensive investigation encompassing all aspects of the expulsion proceedings, beginning with the initial grievance against Plaintiff through the Appellate proceedings, including the review of extensive documentation related to the investigation and expulsion and interviewing numerous witnesses involved in the process.  Additionally, in the event the Court determines that judicial intervention is appropriate in this case, the Defendant must be prepared, if necessary, to show that the expulsion proceedings followed by the Defendant meet the requirements of fundamental fairness and provide the Plaintiff  with a fair opportunity to present her case.  See Blodgett v. The University Club, 930 A.2d 210(D.C. Ct. App. 2007).  Again, formulating this defense requires an in depth review of extensive documentation related to the expulsion of the Plaintiff, as well as the interviewing of numerous witnesses with knowledge of the facts of the Plaintiff's expulsion.  In addition, Defendant has been required to conduct extensive research into the validity of Plaintiff's negligence and defamation claims, and must be prepared to present its argument that Plaintiff has failed to meet the requirements of these claims as a matter of law.

matter was necessary in order for the Defendant to propound effective discovery requests to the Plaintiff.

13.    Defense counsel has been attempting to move the discovery process forward. On April 2, 2008, before the close of discovery, Defendant propounded Interrogatories and Requests for Production of Documents on the Plaintiff.   At that time, Defendant further requested that Plaintiff's counsel advise the Defendant of 3 or 4 dates his client would be available to be deposed. See April 2, 2008 correspondence of defense counsel (Exhibit 2). Counsel received no response to this request.  Following the parties' agreement to extend the discovery deadline and to request a continuance of the trial, defense counsel once again requested that he be advised of dates on which the Plaintiff was available to be deposed. See April 28, 2008 correspondence of defense counsel (Exhibit 3).  To date, there has been no response from Plaintiff regarding this request.

14.    It is Defendant's position that this case may well be determined by the dispositive motions.  However, in order to file an effective Motion for Summary Judgment, Defendant requires the depositions of the Plaintiff, and her husband, an essential witness to this matter.  These depositions can be taken over the course of a one day period.

15.    Refusal to allow the depositions of the Plaintiff will extremely prejudice this Defendant in that it will not be permitted to fully investigate the Plaintiff's claims and allegations, or to fully assess this case for litigation and settlement purposes.

16.    Accordingly, the Defendant requests that discovery be re-opened for the limited purposes of allowing the Defendant to take the essential depositions of the Plaintiff and her husband.  Defendant will respectfully defer to the Court as to the time period permitted to complete such discovery.

17.    Defendant further requests that this Court vacate the portion of its April 30, 2008 Order requiring the parties to set a trial date between 6/19/2008 and 7/18/2008.  To begin, the new trial date does not allow for a filing of dispositive Motions within the time period prescribed in the Scheduling Order, or to file responses thereto.  Pursuant to the Scheduling Order, dispositive Motions were to be filed no later then June 30, 2008, and Oppositions to said Motions were to be filed within forty-five days of the filing of the Motion.  See Exhibit 1.  Even if the Court denies the Defendant's request to re-open discovery for limited purposes, the April 30, 2008 Order re-scheduling the trial for over two (2) months before the original trial date does not permit the parties sufficient time to draft and reply to dispositive Motions.

18.    Furthermore, while the Defendant sympathizes with the Plaintiff's pregnancy, it should not be punished because of it.  Re-scheduling this case for trial more then two (2) months before the original trial date severely prejudices the Defendant in numerous ways.  First, as noted above, such a date does not leave the parties time to file the appropriate dispositive Motions.  Second, moving the trial date forward by a period of over does two (2) months does not allow the Defendant sufficient time to finalize its investigation and to effectively prepare this case for trial.  Finally, as also noted above, the Defendant's defense in this matter will require the introduction of extensive documentary evidence and numerous witnesses, many of whom reside out of the jurisdiction, moving the trial date forward by a period of over two (2) months does not provide the Defendant with sufficient time to prepare all the necessary exhibits and evidence or to insure the availability of all necessary witnesses.

19.    Accordingly, while Defendant is sympathetic to Plaintiff's predicament, it strenuously objects to the moving of the trial date to a time over two (2) months prior to the

original date, and requests that the portion of the April 30, 2008 Order requiring the parties to set a trial date between 6/19/2008 and 7/18/2008 be vacated, and that the original September 23, 2008 trial date be re-instated.

20.    Additionally, in light of the foregoing, Defendant requests that the Court schedule a status conference to give the parties the opportunity to discuss all issues set forth in this Motion with the Court.

21.    Since the entry of the subject Order, Defendant has attempted to contact Plaintiff's counsel via telephone and email to obtain Plaintiff's consent to this Motion and to arrange a conference with this Court's clerk, as requested by the Court, to discuss scheduling matters pertinent to the Order.  As of the date of this Motion, Defendant has received no response to its numerous requests.

WHEREFORE, Defendant respectfully requests that this Honorable Court re-open the discovery period to allow for the depositions of the Plaintiff and her husband, that the portion of the April 30, 2008 Court Order requiring a trial date to be scheduled between 6/19/2008 and 7/18/2008, over two (2) months before the scheduled September 23, 2008 trial date, be vacated due to the unwarranted prejudice to the Defendant, and that a status conference be scheduled to allow the parties to discuss the issues set forth in this Motion with the Court in greater detail.

Respectfully submitted,


_____/s/ John Lynch_____
John C. Lynch, Esq.
MACLEAY LYNCH GREGG & LYNCH, PC
1629 K Street, NW
Suite 802
Washington, DC 20006

(202)785-0123 ext. 16
(202)393-3390 (fax)
Counsel for Defendant
Zeta Phi Beta Sorority, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was provided, pursuant to the Rules of this court on this 7th day of May, 2008, to the following:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772


_____/s/ John Lynch_____
John C. Lynch

## **REQUEST FOR HEARING**

Defendant Zeta Phi Beta Sorority, Inc. respectfully requests that this Court schedule a hearing on this motion.


_____/s/ John Lynch_____
John C. Lynch

## **CERTIFICATE PURSUANT TO LCvR 7(m)**

I hereby certify that I made good faith efforts contact counsel for the Plaintiff, Jimmy Bell, via telephone on several occasions, and via electronic correspondence on May 6, 2008, to discuss the foregoing Motion. Counsel for the Plaintiff did not return phone calls or respond to correspondence.


_____/s/ John Lynch_____
John C. Lynch

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATASHA STARK,                          :

      Plaintiff,                      :

v.                                      :        Civil Action No.: 07cv00553
                                                 Judge James Robertson
ZETA PHI BETA SORORITY, INC.            :        Next Event: Discovery Closes
                                                 4/30/08
      Defendants

                                        :

<u>ORDER</u>

UPON CONSIDERATION of the Defendant's Motion to Allow for Limited Discovery, to Vacate the April 30, 2008 Court Order Requiring the Case to Be Set for Trial Two (2) Months prior to the Original Trial Date and/or to Set a Status Conference, and any Opposition thereto, it is hereby

ORDERED that the Defendant's Motion is GRANTED: and it is further

ORDERED that the discovery period be re-opened for the limited purposes of allowing the Defendant to take the depositions of the Plaintiff and her husband, and that said discovery be completed no later then_____, 2008; and it is further

ORDERED that the April 30, 2008 Order entered by the Court be vacated to the extent that it requires the re-scheduling of the trial date and that the original September 23, 2008 trial date be re-instated; and its is further

ORDERED that a status conference in this matter is scheduled for _____, 2008.

SO ORDERED.

_____
Judge James Robertson
United States District Court for the District of Columbia

cc:
John C. Lynch, Esq.
MACLEAY LYNCH GREGG & LYNCH, PC
1629 K Street, NW
Suite 802
Washington, DC 20006

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

Defendant's Motion to Allow for Limited Discovery, to Vacate the April 30, 2008 Order Requiring This Case to be Set for Trial Two Months Prior to the Scheduled Court Date and/or to Set a Status Conference

# EXHIBIT 1



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATASHA STARK,                          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :  Civil Action No. 07-0553 (JR)
                                        :
ZETA PHI BETA SORORITY, INC.,           :
                                        :
          Defendant.                    :

## REFERRAL TO MAGISTRATE JUDGE KAY AND SCHEDULING ORDER

          After a scheduling conference held in chambers on
August 28, 2007, the parties' joint Local Rule 16.3 report and
dates proposed therein are approved and **SO ORDERED**.  It is

          **FURTHER ORDERED** that the case is referred to Magistrate
Judge Kay for mediation.  It is

          **FURTHER ORDERED** that, unless the case has been settled,
a status conference is set for **December 13, 2007 at 4:30 p.m.**
Counsel are to come to that meeting prepared to discuss the
status of discovery, their respective settlement positions and
the theories of any then-contemplated dispositive motions.  It is

          **FURTHER ORDERED** that any discovery disputes be
presented, in the first instance, by telephone conference with
the Court, and not by motion.  And it is

          **FURTHER ORDERED** that extensions of time to file
dispositive motions or status reports or to complete discovery
will be granted as a matter of course if all parties consent and

if the extensions will not require re-setting any scheduled court appearance (status conference, motion hearing, pretrial conference, trial).  Do not file a motion for such a consented extension.  Instead, make the request informally by letter, or by e-mail (addressed to RobertsonJ_Chambers@dcd.uscourts.gov), or by fax (202-354-3468).  Do not recite reasons.  The Court's action granting a consented extension will be endorsed on the request and returned to the party requesting it.  That party will be responsible for providing appropriate notice or service to all other parties.  Neither the request nor the action granting it will be part of the record unless a party seeks leave to file it.

**Counsel are strongly cautioned that no additional notice will be given of the appearance date set forth in this scheduling order.**

                              JAMES ROBERTSON
                    United States District Judge

- 2 -

Defendant's Motion to Allow for Limited Discovery, to Vacate the April 30, 2008 Order
Requiring This Case to be Set for Trial Two Months Prior to the Scheduled Court Date
and/or to Set a Status Conference

# EXHIBIT 2

LAW OFFICES

## MACLEAY, LYNCH, GREGG & LYNCH, P. C.

SUITE 802

1629 K STREET, N. W.

WASHINGTON, D. C. 20006

———

202-785-0123

FAX  202-393-3390

VIRGINIA

4201 WILSON BOULEVARD

SUITE 110-316

ARLINGTON, VA 22203

April 2, 2008

*Via Facsimile  & US Mail*
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
6610 Marlboro Pike
Upper Marlboro, Maryland 20772

RE:  <u>Natash Stark v. Zeta Phi Beta Sorority, Inc.</u>
      Case No. : 07cv00553

Dear Mr. Bell:

Please find enclosed Defendant's Interrogatories and RPDs directed to your client. We would like to take Ms. Stark's Deposition in our offices within the next few weeks. Accordingly, we ask that you please speak with your client and contact us with 3 or 4 dates that she will be available to come to D.C. to be deposed.

Additionally, as you are aware discovery in this matter is scheduled to close on April 30, 2008. The investigation of this claim has taken longer then anticipated, and we would like to extend the discovery deadline for a period of sixty (60) days. Accordingly, we ask for your consent to file a Motion extending the discovery deadline. Please contact this office with your response as soon as possible.

Thank you for your attention to the above. I look forward to speaking with you soon.

Very truly yours,

John C. Lynch

JCL/jmr

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 04/02/2008 14:26
                              NAME  : MACLEAY LYNCH
                              FAX   : 202-393-3390
                              TEL   : 202-785-0123
                              SER.# : BROJ7J709149
```

```
DATE,TIME              04/02  14:23
FAX NO./NAME           3015997623
DURATION               00:03:15
PAGE(S)                14
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Law Offices of

# Macleay, Lynch, Gregg & Lynch, P.C.

Suite 802

1629 K Street, N.W.

Washington, D.C.   20006

------------------------

202/785-0123

Fax: 202/393-3390

## FAX TRANSMITTAL

TO:        Jimmy Bell, Esw.

FAX NO.:   301/599-7623

FROM:      John C. Lynch, Esq.

RE:        Stark v. Zeta Phi Beta

DATE:      4/02/08

PAGES: (including cover):    14

Comment:

**Confidentiality Notice**

Defendant's Motion to Allow for Limited Discovery, to Vacate the April 30, 2008 Order
Requiring This Case to be Set for Trial Two Months Prior to the Scheduled Court Date
and/or to Set a Status Conference

# EXHIBIT 3

LAW OFFICES

# MACLEAY, LYNCH, GREGG & LYNCH, P. C.

SUITE 802

1629 K STREET, N. W.

WASHINGTON, D. C. 20006

———

202-785-0123

FAX 202-393-3390

VIRGINIA
4201 WILSON BOULEVARD
SUITE 110-316
ARLINGTON, VA 22203

April 28, 2008

*Via Facsimile & US Mail*
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
6610 Marlboro Pike
Upper Marlboro, Maryland 20772

RE:     **Stark v. Zeta Phi Beta Sorority, Inc.**
        **Case No. : 07cv00553**

Dear Mr. Bell:

Please allow this correspondence to follow up on recent communications with this office regarding the above captioned matter. As you know, we recently filed a consent Motion to extend the discovery deadline and continue the trial date in the above captioned matter. To prevent further delay of this case, and given your client's pregnancy, it is important that we schedule the deposition of Ms. Stark within the next few weeks. Accordingly, we propose the following dates for Ms. Stark's deposition:

- May, 13, 2008 at 10:00 a.m.

- May 14, 2008 at 10:00 a.m.

- May 22, 2008 at 10:00 a.m.

- May 23, 2008 at 10:00 a.m.

- May 26, 2008 at 10:00 a.m.

The deposition will take place in our offices. If these dates are inconvenient for you or your client, then we ask that you please contact us with alternative deposition dates as soon as possible. If we do not hear from you by May 2, 2008, then we shall schedule the deposition for the date of our choice. A copy of the Notice of Deposition will be forwarded to your office.

Additionally, please note that discovery requests were forwarded to you on April 2, 2008. We ask that you please provide responses to these requests no later then May 5, 2008.

Thank you for your attention to the above. I look forward to speaking with you soon.

Very truly yours,

John C. Lynch

JCL:jmm
Cc: Lisa McCarthy

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME : 04/28/2008 12:06
                                    NAME : MACLEAY LYNCH
                                    FAX  : 202-393-3390
                                    TEL  : 202-785-0123
                                    SER.# : BROJ7J709149
```

| | |
|---|---|
| DATE,TIME | 04/28  12:06 |
| FAX NO./NAME | 3015997623 |
| DURATION | 00:00:31 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Law Offices of
**Macleay, Lynch, Gregg & Lynch, P.C.**
Suite 802
1629 K Street, N.W.
Washington, D.C.  20006

202/785-0123
Fax: 202/393-3390

## FAX TRANSMITTAL

TO:                         Jimmy Bell, Esq.

FAX NO.:            301/599-7623

FROM:              John C. Lynch, Esq.

RE:                   Stark v. ZPB Sorority

DATE:              April 28, 2008

PAGES: (including cover):    2

Comment:

       Correspondence re deposition dates for Plaintiff