IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATASHA STARK,                          :

   Plaintiff,                    :

v.                                      :       Civil Action No.: 07cv00553

ZETA PHI BETA SORORITY, INC.            :
    Defendants

             :

## MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

   Comes now Defendant, Zeta Phi Beta Sorority, Inc., by and through undersigned counsel, and respectfully move this Honorable Court to allow Defendant to file its Motion for Summary Judgment, and in support thereof, states as follows:

   1.  This case involves the expulsion of the Plaintiff from a voluntary private organization.  Plaintiff has filed suit against this Defendant for beach of contract, defamation, and negligence.

   2.  Pursuant the parties' Local Rule 16.3 Statement, discovery in this matter closed on April 30, 2008, and dispositive Motions were due sixty (60) days following the close of discovery.

   3.  The parties filed a Joint Motion to Extend the Discovery deadline which was denied by the Court.  However, during the May 15, 2008 Status Conference, the Court agreed to allow the parties to finalize limited discovery to the extent that such discovery would not alter scheduled court appearances.

   4.  Defendant attempted to contact Plaintiff's counsel numerous times via telephone and written correspondence to schedule the deposition of the Plaintiff.  See "Exhibit 1," Correspondence requesting dates for Plaintiff's deposition.  Defense counsel

did not receive a response to its request for nearly two (2) months. See Exhibit 1.

Plaintiff's deposition did not go forward until June 11, 2008 in Atlanta, Georgia.

5.      Furthermore, Plaintiff's discovery responses were not provided until June 10, 2008.  At that time, the responses were substantially incomplete under the rules. Plaintiff's counsel was promptly notified of the deficiency in a letter on June 19, 2008. See Exhibit 2, June 19, 2008 correspondence to counsel.

6.      Plaintiff's counsel did not respond to Defendant's request provide further responses until July 7, 2008.  At that time, Plaintiff forwarded a series of seven (7) emails containing documentation.  It is unclear which document was meant to respond to which request for production of documents.  Moreover, Plaintiff still has not responded to Defendant's request for supplementation and clarification of her Answers to Interrogatories.  As such, it is Defendant's position that Plaintiff's responses to Defendant's discovery requests remain incomplete.

7.      From the Defendant's standpoint, this case has involved complicated issues of fact and law.  Investigation of these issues has involved the extensive procuring and reviewing of documents, legal research, and interviewing of witnesses.  Moreover, Defendant was unable to ascertain the specific nature of Plaintiff's claims, and the allegations giving rise to the same, from the face of the complaint.  As such, the deposition of the Plaintiff and the Plaintiff's discovery responses were necessary for the clarification of issues to be argued in any dispositive motion.  As the Plaintiff's deposition has now been taken and some discovery has been provided, Defendant is now able to narrow the issues for summary judgment.

8.      LCvR 7(l) requires that a dispositive Motion shall be filed sufficiently in advance of the pre-trial conference that it may be sufficiently briefed and ruled on before the conference.  The pre-trial conference in this matter is scheduled for September 11, 2008, over one month from the filing of this Motion.  As the record in this matter is comprised of little except the pleadings and Plaintiff's deposition, the court has sufficient time to consider Defendant's Motion, and any opposition thereto, and to rule on the same.

9.      Moreover, Plaintiff has sufficient time to respond to the Motion and no prejudice will result.  As Plaintiff was the cause of the significant delays in discovery, she cannot now argue untimliness.

10.     This matter can, and should, be decided on the law, and the case can be resolved on the pleadings and motions.

11.     No prejudice will result in the granting of this Motion.

WHEREFORE, the Defendant respectfully requests that its Motion for Leave to File for Summary Judgment be granted, that the Court consider Defendant's Motion for Summary Judgment, and for any other or further relief that this Court deems just and proper.

Respectfully submitted,

_____/s/ John Lynch_____
John C. Lynch, Esq.
MACLEAY LYNCH GREGG & LYNCH,PC
1629 K Street, NW
Suite 802
Washington, DC 20006
(202)785-0123 ext. 16

(202)393-3390 (fax)
Counsel for Defendant
Zeta Phi Beta Sorority, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion was provided, pursuant to the Rules of this court on this 5th day of August, 2008, to the following:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772


_____/s/ John Lynch_____
John C. Lynch

**<u>CERTIFICATE PURSUANT TO LCvR 7(m)</u>**

I hereby certify that my office made good faith efforts contact counsel for the Plaintiff, Jimmy Bell, via electronic correspondence on August 4 and 5, 2008, to discuss the foregoing Motion. Counsel for the Plaintiff did not consent to the filing of the Motion.


_____/s/ John Lynch_____
John C. Lynch

**<u>CERTIFICATE PURSUANT TO LCvR 7(f) REQUEST FOR ORAL HEARING</u>**

Pursuant to LCvR7(f) of the Local Rules, Defendant Requests an Oral Hearing on its Motion for Leave to File for Summary Judgment.   .


_____/s/ John Lynch_____
John C. Lynch

EXHIBIT 1



LAW OFFICES

# MACLEAY, LYNCH, GREGG & LYNCH, P. C.

SUITE 802

1629 K STREET, N. W.

WASHINGTON, D. C. 20006

——

202-785-0123

FAX  202-393-3390

VIRGINIA
4201 WILSON BOULEVARD
SUITE 110-316
ARLINGTON, VA 22203

April 2, 2008

_**Via Facsimile  & US Mail**_
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
6610 Marlboro Pike
Upper Marlboro, Maryland 20772

RE:    Natash Stark v. Zeta Phi Beta Sorority, Inc.
       Case No. : 07cv00553

Dear Mr. Bell:

Please find enclosed Defendant's Interrogatories and RPDs directed to your client. We would like to take Ms. Stark's Deposition in our offices within the next few weeks. Accordingly, we ask that you please speak with your client and contact us with 3 or 4 dates that she will be available to come to D.C. to be deposed.

Additionally, as you are aware discovery in this matter is scheduled to close on April 30, 2008. The investigation of this claim has taken longer then anticipated, and we would like to extend the discovery deadline for a period of sixty (60) days. Accordingly, we ask for your consent to file a Motion extending the discovery deadline. Please contact this office with your response as soon as possible.

Thank you for your attention to the above. I look forward to speaking with you soon.

Very truly yours,

John C. Lynch

JCL/jmr



```
                              TRANSMISSION VERIFICATION REPORT

                                                  TIME  : 04/02/2008 14:26
                                                  NAME  : MACLEAY LYNCH
                                                  FAX   : 202-393-3390
                                                  TEL   : 202-785-0123
                                                  SER.# : BROJ7J709149


          DATE,TIME                        04/02  14:23
          FAX NO./NAME                     3015997623
          DURATION                         00:03:15
          PAGE(S)                          14
          RESULT                           OK
          MODE                             STANDARD
                                           ECM
```

Law Offices of

# Macleay, Lynch, Gregg & Lynch, P.C.

Suite 802

1629 K Street, N.W.

Washington, D.C.  20006

------------------------

202/785-0123

Fax: 202/393-3390

**FAX TRANSMITTAL**

TO:          Jimmy Bell, Esw.

FAX NO.:     301/599-7623

FROM:        John C. Lynch, Esq.

RE:          Stark v. Zeta Phi Beta

DATE:        4/02/08

PAGES: (including cover):   14

Comment:

**Confidentiality Notice**

LAW OFFICES

# MACLEAY, LYNCH, GREGG & LYNCH, P. C.

SUITE 802

1629 K STREET, N. W.

WASHINGTON, D. C. 20006

——

202-785-0123

FAX  202-393-3390

VIRGINIA
4201 WILSON BOULEVARD
SUITE 110-316
ARLINGTON, VA 22203

April 28, 2008

*Via Facsimile & US Mail*
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
6610 Marlboro Pike
Upper Marlboro, Maryland 20772

RE:    **Stark v. Zeta Phi Beta Sorority, Inc.**
       **Case No. : 07cv00553**

Dear Mr. Bell:

Please allow this correspondence to follow up on recent communications with this office regarding the above captioned matter.  As you know, we recently filed a consent Motion to extend the discovery deadline and continue the trial date in the above captioned matter.  To prevent further delay of this case, and given your client's pregnancy, it is important that we schedule the deposition of Ms. Stark within the next few weeks.  Accordingly, we propose the following dates for Ms. Stark's deposition:

- May 13, 2008 at 10:00 a.m.

- May 14, 2008 at 10:00 a.m.

- May 22, 2008 at 10:00 a.m.

- May 23, 2008 at 10:00 a.m.

- May 26, 2008 at 10:00 a.m.

The deposition will take place in our offices.  If these dates are inconvenient for you or your client, then we ask that you please contact us with alternative deposition dates as soon as possible.  If we do not hear from you by May 2, 2008, then we shall schedule the deposition for the date of our choice.  A copy of the Notice of Deposition will be forwarded to your office.

Additionally, please note that discovery requests were forwarded to you on April 2, 2008.  We ask that you please provide responses to these requests no later then May 5, 2008.

Thank you for your attention to the above.  I look forward to speaking with you soon.

Very truly yours,

John C. Lynch

JCL/pm
Cc: Lisa McCarthy

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 04/28/2008 12:06
                                    NAME  : MACLEAY LYNCH
                                    FAX   : 202-393-3390
                                    TEL   : 202-785-0123
                                    SER.# : BROJ7J709149
```

```
    DATE,TIME              04/28  12:06
    FAX NO./NAME           3015997623
    DURATION               00:00:31
    PAGE(S)                02
    RESULT                 OK
    MODE                   STANDARD
                           ECM
```

Law Offices of
**Macleay, Lynch, Gregg & Lynch, P.C.**
Suite 802
1629 K Street, N.W.
Washington, D.C.  20006

—————————
202/785-0123
Fax: 202/393-3390

## FAX TRANSMITTAL

TO:                          Jimmy Bell, Esq.

FAX NO.:                     301/599-7623

FROM:                        John C. Lynch, Esq

RE:                          Stark v. ZPB Sorority

DATE:                        April 28, 2008

PAGES: (including cover):    2

Comment:

Correspondence re deposition dates for Plaintiff

LAW OFFICES

# MACLEAY, LYNCH, GREGG & LYNCH, P. C.

SUITE 802

1629 K STREET, N. W.

WASHINGTON, D. C. 20006

———

202-785-0123

FAX 202-393-3390

VIRGINIA
4201 WILSON BOULEVARD
SUITE 110-316
ARLINGTON, VA 22203

May 16, 2008

*Via Facsimile & US Mail*
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
9610 Marlboro Pike
Upper Marlboro, Maryland 20772

RE:    <u>Stark v. Zeta Phi Beta Sorority, Inc.</u>
Case No. : 07cv00553

Dear Mr. Bell:

Please allow this correspondence to follow up on recent communications with this office regarding the above captioned matter.

As previously discussed, we would like to schedule the depositions of your client and her husband. Accordingly, we propose the following dates for the depositions:

- June , 5, 2008 at 10:00 a.m.

- June 6, 2008 at 10:00 a.m.

- June 9, 2008 at 10:00 a.m.

- June 10, 2008 at 10:00 a.m.

If these dates are inconvenient for you or your client, then we ask that you please contact us with alternative deposition dates. We are willing to travel to Atlanta to take the depositions. However, we ask that you get back to us as soon as possible so that we may make the appropriate arrangements.

Additionally, please note that discovery requests were forwarded to you on April 2, 2008. Under the Rules, your client's responses to our discovery requests were due on May 5, 2008. We ask that you please forward these responses without further delay.

Thank you for your attention to the above. I look forward to speaking with you soon.

Very truly yours,

John C. Lynch

JCL/jmr
Cc: Lisa McCarthy

## Jamie roos

| | |
|---|---|
| **From:** | Jamie roos [jroos@macleaylynch.com] |
| **Sent:** | Friday, May 23, 2008 12:40 PM |
| **To:** | 'JIMBELLESQ@aol.com' |

**Subject:** stark v. zpb deposition dates

*Via Facsimile & US Mail*
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
9610 Marlboro Pike
Upper Marlboro, Maryland 20772

              RE:     Stark v. Zeta Phi Beta Sorority, Inc.
                      Case No. : 07cv00553

Dear Mr. Bell:

        As of the date of this correspondence, we have not heard from you in response to our May 16, 2008 letter requesting possible deposition dates in the above captioned matter. As advised, we are willing to travel to Atlanta for purposes of taking the depositions of your client and her husband. However, this can only be achieved if we are provided with sufficient time to make the requisite travel arrangements. Due to the quickly approaching Motions deadline, it is vital that we proceed with these depositions as soon as possible. Accordingly, we ask that you contact us no later then 3 pm on Tuesday, May 27, 2008. If we do not hear from you on or before that date, then we will schedule the depositions for June 9, 2008 at 10:00 a.m. in our offices.

        Additionally, please note that your client's discovery requests are overdue. Please forward said responses without further delay. Again, if we do not hear from you regarding his matter on or before 3 pm on Tuesday, May    27,    2008,    we    will    be    forced    to    seek    the    intervention    of    the    court.

                            Very truly yours,


                            John C. Lynch


Jamie M. Roos, Esq.
Associate
Macleay Lynch Gregg & Lynch, P.C.
Ste 802
1629 K Street, NW
Washington, DC 20006

            -----Original Message-----
            **From:** JIMBELLESQ@aol.com [mailto:JIMBELLESQ@aol.com]
            **Sent:** Friday, April 04, 2008 10:59 AM
            **To:** jroos@macleaylynch.com

8/5/2008

**Subject:** Re: stark v. zpb

I did not get the second email.

---

Planning your summer road trip? Check out AOL Travel Guides.

## Jamie roos

| | |
|---|---|
| **From:** | Jamie roos [jroos@macleaylynch.com] |
| **Sent:** | Tuesday, May 27, 2008 3:18 PM |
| **To:** | 'JIMBELLESQ@aol.com' |
| **Subject:** | stark v. zpb--PLEASE RESPOND |
| **Importance:** | High |

Mr. Bell:

We still have not heard from you regarding deposition dates for your client. We would like to schedule the deposition as soon as possible. We wrote to you on May 16, 2008 and May 23, 2008 suggesting potential dates to take your client's deposition in Atlanta. However, you have not responded to our requests. If we do not hear from you by tomorrow morning, 5/28/2008, then we will be forced to schedule the depositions in our offices at our convenience. We once again ask that you please contact us with your client's availability.

Additionally, your client's discovery responses remain overdue. Please forward the same immediately.

Sincerely,

Jamie M. Roos

Jamie M. Roos, Esq.
Associate
Macleay Lynch Gregg & Lynch, P.C.
Ste 802
1629 K Street, NW
Washington, DC 20006

**Jamie roos**

**From:** Jamie roos [jroos@macleaylynch.com]
**Sent:** Wednesday, May 28, 2008 4:22 PM
**To:** 'Jim Bell'
**Subject:** RE: stark v. zpb--PLEASE RESPOND

Mr, Bell.

Thank you for getting back to me.  Unfortunately, because of the scheduling order and the motions deadline, John says that the depositions have to go forward in the first ½ of June.  Both depositions should not take more then a couple of hours collectively, so your clients would not need to miss a significant amount of work.  Can you please find out if they have any available dates in the fist ½ of June?

Thanks,

Jamie

Jamie M. Roos, Esq.

Associate

Macleay Lynch Gregg & Lynch, P.C.

Ste 802

1629 K Street, NW

Washington, DC 20006

-----Original Message-----
**From:** Jim Bell [mailto:jimbellesq@aol.com]
**Sent:** Wednesday, May 28, 2008 4:13 PM
**To:** <jroos@macleaylynch.com>
**Subject:** Re: stark v. zpb--PLEASE RESPOND

How is June 24, 25, or 26?

On May 27, 2008, at 6:46 PM, "Jamie roos" <jroos@macleaylynch.com> wrote:

Thank you.  We are just trying to get everything done and ready to go.  Is there anything that you need from us or any depositions that you would like to take? Please let me know.
Jamie

Jamie M. Roos, Esq.

Associate

8/5/2008

Macleay Lynch Gregg & Lynch, P.C.

Ste 802

1629 K Street, NW

Washington, DC 20006

-----Original Message-----
**From:** JIMBELLESQ@aol.com [mailto:JIMBELLESQ@aol.com]
**Sent:** Tuesday, May 27, 2008 6:10 PM
**To:** jroos@macleaylynch.com
**Subject:** Re: stark v. zpb--PLEASE RESPOND

I have called my client and left a message to get some dates. I will let you know in the morning about the deposition dates. Also, I will have the discovery to you by the end of the week so there is not need to file a motion with the court.

Jim

_____

Get trade secrets for amazing burgers. Watch "Cooking with Tyler Florence" on AOL Food.

## Jamie roos

**From:**   Jamie roos [jroos@macleaylynch.com]
**Sent:**   Monday, June 02, 2008 11:03 AM
**To:**   'JIMBELLESQ@aol.com'
**Cc:**   'Johnlynch@macleaylynch.com'
**Subject:** RE: stark v. zpb

Mr. Bell:

John asked me to follow up with you again regarding deposition dates for your client and her husband.  As you know, John would like to get this taken care of in the early part of June.  John will be available June 9th, June 10th, June 11th, June 16th and June 17th.  As advised, we are happy to travel to Atlanta, however we require sufficient time to make travel arrangements.  If we do not hear from you by tomorrow morning, June 3rd, then we will be forced to set the depositions for a convenient date in our offices.

Additionally, your client's discovery responses remain over due.  Please forward the same immediately.

Thanks you for you prompt attention to this matter.

Jamie


Jamie M. Roos, Esq.
Associate
Macleay Lynch Gregg & Lynch, P.C.
Ste 802
1629 K Street, NW
Washington, DC 20006

> -----Original Message-----
> **From:** JIMBELLESQ@aol.com [mailto:JIMBELLESQ@aol.com]
> **Sent:** Friday, April 04, 2008 10:59 AM
> **To:** jroos@macleaylynch.com
> **Subject:** Re: stark v. zpb
>
> I did not get the second email.

---

Planning your summer road trip? Check out AOL Travel Guides.

EXHIBIT 2

LAW OFFICES
# MACLEAY, LYNCH, GREGG & LYNCH, P. C.
SUITE 802
1629 K STREET, N. W.
WASHINGTON, D. C. 20006
———
202-785-0123
FAX  202-393-3390

VIRGINIA
4201 WILSON BOULEVARD
SUITE 110-316
ARLINGTON, VA 22203

June 19, 2008

### _Via Facsimile & US Mail_
301/599-7623

Jimmy A. Bell, Esq.
Law Offices of Jimmy Bell
9610 Marlboro Pike
Upper Marlboro, Maryland 20772

RE:    **Stark v. Zeta Phi Beta Sorority, Inc.**
       **Case No. : 07cv00553**

Dear Mr. Bell:

Please allow this correspondence to acknowledge receipt of your client's discovery responses forwarded by you on June 10, 2008.  However, after reviewing the same we have concluded that many of these responses are incomplete, do not supply the requested information and/or documentation, or do not provide answers responsive to the specific inquiry.  Accordingly, we request that your client provide full and complete discovery responses in compliance with the Federal Rules of discovery without further delay.  In support of this request, we refer you to the foregoing:

The Federal Rules allow a Defendant to request any information that is reasonably calculated to lead to the discovery of relevant information. Fed. Rule Civ. Pro. 26 (Lexis 2008).  Under Rule 33, a party must give full and complete answers to interrogatories served on him by another party. Fed. Rule Civ. Pro. 33 (Lexis 2008).  While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to her Trane Co. v. Klutznick, 87 F.R.D. 473, 476 (1980): see also Hickman v. Taylor, 329 U.S. 495, 504 (1947): 8 Wright & Miller, Federal Practice & Procedure § 2172.  It is no objection to interrogatories propounded under Rule 33 that the information sought is within the knowledge of the interrogating party. Cohn v. Dart Industries, Inc. v Kavanagh, 21 Fed. R. Serv. 2d (Callaghan) 792 (1976).  If the party has the information or it is available to her, she must answer the interrogatory. Id (citing Hoffman v. Wilson Line, 7 F.R.D. 73 (D.C. Pa. 1946)).

In addition to the above, under Federal Rule 34, a party is entitled to request to inspect and copy documents in the possession or control of other parties for purpose of assisting in the preparation of their case for trial. It is well established that 'control' under Rule 34 is to be broadly construed so that a party may be obligated to produce documents requested even though she may not actually be in possession of them. Poole

v Textron, Inc., 192 FRD 494, 501 (2000 DC Md).  As long as party has legal right or ability to obtain documents from another source on demand, that party is deemed to have "control." Id.

For purposes of the discovery rules, an evasive or incomplete disclosure, answer or response is to be treated the same as a failure to disclose, answer or respond. *See* Fed. Rule Civ. Pro. 37(a)(3).

Please find below our objections to your client's discovery responses:

## ANSWERS TO INTERROGATORIES:

Interrogatory No. 3:

Plaintiff's response to this request is incomplete and unresponsive.  It is not sufficient to state that the information is in the possession of the Defendant.  Please provide the names and contact information for the individuals known to the Plaintiff that Plaintiff claims received a copy of the alleged defamatory publication.

Interrogatory No. 5:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

Interrogatory No. 6:

No resume or CV was attached.  Please provide a information pertaining to Plaintiff's employment for the past 10 years.

Interrogatory No. 8:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

Interrogatory No. 9:

Please identify any oral communications between Plaintiff and Sheryl Underwood between 2000 through the present relevant to the allegations set forth in Plaintiff's Complaint.  Please include the date of such communications and a brief summary of the substance of the communication.

Interrogatory No. 10:

Please identify an oral communications between Plaintiff and this Defendant, or an agent or employee thereof, regarding the subject of this lawsuit.  Include the date of the communication, the identity of the other party, who else was present and a brief summary.

Interrogatory No. 13:

Plaintiff's response to this request is incomplete and unresponsive.  It is not sufficient to

state that the information is in the possession of the Defendant. Please provide the names and contact information for the individuals known to the Plaintiff to have information relating to the facts alleged in the Complaint.

Interrogatory No. 14:

Please identify any <u>oral</u> communications between Plaintiff and Alma Washington between 2000 through the present relevant to the allegations set forth in Plaintiff's Complaint. Please include the date of such communications and a brief summary of the substance of the communication.

Interrogatory No. 15:

Please identify any <u>oral</u> communications between Plaintiff and Thomas Zeno between 2000 through the present relevant to the allegations set forth in Plaintiff's Complaint. Please include the date of such communications and a brief summary of the substance of the communication.

Interrogatory No. 16:

Plaintiff's response to this request is incomplete and unresponsive. Plaintiff was asked to identify <u>any</u> communications, written, oral, or otherwise, between Jennifer Donelan or any other individual acting on behalf of ABC or any ABC affiliated entity between 2000 through the present. It is insufficient to respond that Plaintiff does not posses the requested documentation. Please provide a summary of any communications that occurred between the Plaintiff and Jennifer Donelan or any other individual acting on behalf of ABC or any ABC affiliated entity between 2000 through the present, including the date the communication occurred and a brief description of the substance of the communication.

Interrogatory 17:

Plaintiff's response to this request is incomplete and unresponsive. It is not sufficient to state that the information is in the possession of the Defendant. Please provide the names and contact information for the individuals known to the Plaintiff to have information relating to this request.

Interrogatory No. 18:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

Interrogatory No. 19:

Plaintiff's response to this request is incomplete and unresponsive. Plaintiff was asked to describe the nature of any alleged contract between the Plaintiff and this Defendant. Please provide the requested information.

Interrogatory 21:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>Interrogatory No. 22:</u>

Plaintiff's response to this request is incomplete and unresponsive.  Plaintiff was asked to provide all facts on which she intends to rely to support her allegation that a valid and binding contract existed between the parties.  Please provide the requested information.

## **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

<u>RESPONSE 1:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 2:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 3:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 4:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 5:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 6:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 7:</u>

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

<u>RESPONSE 8:</u>

Plaintiff's response to this request is incomplete and unresponsive.  It is not sufficient to state that the information is in the possession of the Defendant.  Please provide copies of all requested information in the possession or control of the Defendant.

RESPONSE 9:

Plaintiff's response to this request is incomplete and unresponsive. It is not sufficient to state that the information is in the possession of the Defendant. Please provide copies of all requested information in the possession or control of the Defendant.

RESPONSE 10:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

RESPONSE 11:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

RESPONSE 12:

Plaintiff's response to this request is incomplete and unresponsive. It is not sufficient to state that the information is in the possession of the Defendant. Please provide copies of all requested information in the possession or control of the Defendant.

RESPONSE 14:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

RESPONSE 16:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

RESPONSE 17:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

RESPONSE 22:

Please be advised that www.mediamax.com/nywilliams is not a valid internet address. Please provide updated information with respect to the requested information.

RESPONSE 25:

Plaintiff's response to this request is incomplete and unresponsive. As long as party has legal right or ability to obtain documents from another source on demand, that party is deemed to have possession or control. Please provide copies of all requested information in the possession or control of the Plaintiff.

<u>RESPONSE 26:</u>

Plaintiff's response to this request is incomplete and unresponsive.  As long as party has legal right or ability to obtain documents from another source on demand, that party is deemed to have possession or control.  Please provide copies of all requested information in the possession or control of the Plaintiff.

<u>RESPONSE 27:</u>

Plaintiff's response to this request is incomplete and unresponsive.  It is not sufficient to state that the information is in the possession of the Defendant.  Please provide copies of all requested information in the possession or control of the Plaintiff.

      Please allow this correspondence to serve as our good faith attempt to resolve these issues without resorting to the intervention of the Court.  In light of the above, we anticipate that our discovery requests will be honored to the fullest extent possible.  However, if we do not receive a satisfactory response from your office within ten (10) days from the date of this letter, then we shall be forced to file a Motion to Compel with the Court.

      Thank you for your attention to the above.  If you have any questions, then please feel free to contact me.

              Very truly yours,


              John C. Lynch