IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATASHA STARK,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No.: 07cv00553 |
| | | Next Event Date: February 11, 2008 |
| | : | Next Event: Pretrial Conference |
| **ZETA PHI BETA SORORITY, INC.,** | : | |
| **Defendant.** | | |
| | : | |

## JOINT PRETRIAL STATEMENT

Defendant, Zeta Phi Beta Sorority, Inc., by and through undersigned counsel, hereby submits its Pretrial Statement pursuant to the Rules of this Court:

I. **PARTIES AND COUNSEL**:

**Plaintiff**               **Attorney**

Natasha Stark               Jimmy A. Bell, Esq.
                            Law Office of Jimmy A. Bell, P.C.
                            9610 Marlboro Pike
                            Upper Marlboro, MD 20772


**Defendant**               **Attorney**

Zeta Phi Beta Sorority, Inc.   John C. Lynch, Esq
                               MACLEAY, LYNCH, GREGG & LYNCH, P.C.
                               1629 K Street, NW, Ste. 802
                               Washington, D.C. 20006

II. **STATEMENT OF THE CASE**:

This case arises out of the suspension/expulsion of Plaintiff from her sorority, Zeta Phi Beta, and a letter published to the sorority at large regarding Plaintiff's expulsion. Plaintiff filed suit in this matter on or about March 19, 2007 alleging: (1) breach of contract; (2)

defamation; and (3) negligence as a result of the alleged acts and/or omissions of the Defendant. The basis of the Court's jurisdiction is diversity.

    **III.**    **CLAIMS AND/OR DEFENSES:**

**Plaintiff's Claims:**

According to the Plaintiff, the Defendant violated its own internal policies and procedures outlined in its Bylaws and Constitution when it suspended and subsequently expelled the Plaintiff from membership in the sorority. Plaintiff alleges that her ZPB activities were suspended, and that she was expelled from the sorority, without being provided an opportunity to rebut the charges against her, in violation of the sorority's own policies and procedures. Plaintiff further alleges that the Constitution, policies and procedures of ZPB are contracts between ZPB and Plaintiff, and that ZPB breached its contract or contracts with Plaintiff when it failed to abide by the terms of such contract or contracts. In Count III of her Complaint, Plaintiff also maintains that the Defendant owed Plaintiff a duty to abide by its own policies and procedures, and that Plaintiff negligently breached this duty.

In Count II of her Complaint, Plaintiff alleges that certain statements made in a March 12, 2007 letter written by Sheryl Underwood, Chair of the National Executive Board of ZPB, to the Sisterhood of ZPB were false and that the statements were known to be false at the time they were made.

As a result of these acts and/or omissions on the part of the Defendant, Plaintiff alleges that she suffered damages to her character, repute and standing in the community, that she suffered the loss and enjoyment of ZPB's goods, services, facilities, privileges, advantages, and accommodations, and that she suffered severe mental anguish.

**Defenses:**

1. The Plaintiff fails to state a claim against this Defendant upon which relief may be granted.

2. There is no legal basis for judicial intervention into the internal affairs of the Defendant.

3. Defendant fully complied with all of its own internal guidelines, policies and procedures in its suspension and expulsion of Plaintiff from the sorority.

4. The procedures followed by the Defendant in its suspension and expulsion of the Plaintiff were fundamentally fair.

5. The alleged defamatory statements made by Defendant are substantially true, and therefore not actionable as a matter of law.

6. The alleged defamatory statements are protected by common-law qualified privilege.

7. Plaintiff cannot establish that the alleged defamatory statements were published with actual malice and therefore cannot prevail on her defamation claim.

8. Defendant did not owe any duty to the Plaintiff.

9. Defendant did not breach any duty owed to the Plaintiff.

10. Defendant disputes the nature and severity of Plaintiff's claimed injuries.

11. All issues of liability and damages are in dispute.

12. The claims/assertions contained in the Defendant's Answer are incorporated herein by reference.

**IV.     WITNESSES FOR THE DEFENSE:**

1. Plaintiff;

2. Myra Reese

   Defendant anticipates Ms. Reese will testify at trial as to the recommendation and procedures followed in the suspension of Plaintiff from the sorority; Direct Exam-Approximately 30 minutes

3. Chrislyn Turner

   Defendant anticipates Ms. Turner will testify at trial as to the procedures followed in the suspension of Plaintiff from the sorority; Direct Exam-Approximately 45 minutes

4. Scarlett Black

   Defendant anticipates Ms. Black will testify at trial as to the procedures followed in the suspension of Plaintiff from the sorority; Direct Exam-Approximately 45 minutes

5. Sheryl Underwood

   Defendant anticipates Ms. Underwood will testify at trial as to the procedures followed in the suspension and expulsion of Plaintiff from the sorority and the allegedly defamatory statements at issue in this matter; Direct Exam-Approximately 60 minutes

6. James Stark;

   Defendant will call Mr. Stark if necessary; Direct Exam—Approximately 20 minutes

7. Any witness listed by any other party;

8. Any witness necessary for impeachment/rebuttal.

V. **DEFENSE EXHIBITS**:

Defendant anticipates that all of the following documents will be submitted as evidence in a trial on the merits for the purposes of establishing the policies and procedures required and followed in the suspension and expulsion of the Plaintiff:

1. Zeta Phi Beta Sorority, Incorporated Constitution;

2. Zeta Phi Beta Sorority, Incorporated Bylaws;

3. Deposition of Natasha Stark dated June 11, 2008;

4. Handbook of Zeta Phi Beta, Incorporated (11th Ed. 1997);

5. Letter to Sorors from Sheryl Underwood dated 3/12/2007;

6. Letter to Sorors from Sheryl Underwood dated March 16, 2006;

7. Email to mspee58@aol.com from James Stark dated 8/1/05;

8. Letter to James Stark from Jonathan Charleston dated 11/16/05;

9. Letter to Jonathan Charleston from Robin Colvin-Leary dated 1/11/06;

10. Email from Natasha Stark to the South Carolina Black News dated 1/7/06;

11. Letter to Natasha Stark from Jonathan Charleston dated 1/10/06;

12(a). WJLA T.V. I-Team: Sorority Spending dated 2/7/2006;

12(b). WJLA T.V. I Team: Sorority Spending Follow-Up dated 2/8/06;

13. Memorandum to Chrislyn Turner from members of Epsilon Zeta Chapter dated 9/27/2006;

14. Letter to Natasha Stark from Chrislyn Turner dated 10/8/06;

15. Letter to Barbara Moore from Ryan Goldstein dated 11/28/06;

16. Letter from Scarlet Black to Plaintiff dated 11/15/2006;

17. Letter to Natasha Stark from Sheryl Underwood dated 2/8/07;

18. Letter to Sheryl Underwood from Natasha Stark dated March 6, 2007;

19. Plaintiff's Answers to Interrogatories;

20. WJLA T.V. "I Team: Sorority Spending Follow-Up" dated 3/8/07;

21. WJLA T.V. "I-Team: Sorority Spending Follow-up 2" dated 3/9/07;

22. Edda R. Pittman, Zeta Phi Beta Sorority, Inc. Expels Whistleblower (February 15, 2007).

23. Any Exhibit offered by any other party;

24. This list is exclusive of impeachment evidence.

Defendant reserves the right to raise objections at trial to any exhibit listed by any party, since evidence may be produced at trial, which provides a new basis for an objection.

### VI. DEPOSITIONS:

Defendant reserves the right to use any deposition taken in this matter as evidence in so far as such use is permitted by the governing rules of evidence and civil procedure, including its cases in chief.

### VII. DAMAGES

Plaintiff is alleging the following damages:

1. Compensatory and punitive damages for pain and suffering in the amount of $1,000,000.00;

2. Pre and Post Judgment Interest; and

3. Costs of litigation, including reasonable attorney's fees.

Respectfully submitted,

_____/s/ John Lynch_____
John C. Lynch, Esq.
MACLEAY LYNCH GREGG & LYNCH, PC
1629 K Street, NW

6

Suite 802  
Washington, DC 20006  
(202)785-0123 ext. 16  
(202)393-3390 (fax)  
Counsel for Defendant  
Zeta Phi Beta Sorority, Inc.

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was delivered, pursuant to the Rules of this Court, on this, the 2nd day of September, 2008 to:

Jimmy A. Bell, Esq.  
Law Offices of Jimmy Bell  
6610 Marlboro Pike  
Upper Marlboro, Maryland 20772

　　/s/ John Lynch_____  
John C. Lynch